## IN THE UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION, :
                                     :
                Plaintiff,           :
                                     :
        v.                           :   Civil Action No.
                                     :
TODAY'S GROWTH CONSULTANT, INC.      :
(dba "THE INCOME STORE")             :
                                     :
and                                  :
                                     :
KENNETH D. COURTRIGHT, III           :
                                     :
                Defendants.          :
                                     :

### NOTICE OF FILING OF COMPLAINT AND APPOINTMENT OF RECEIVER

In accordance with 28 U.S.C. § 754, Melanie Damian, Esq. (**"Receiver"**), by her undersigned counsel, hereby states as follows:

Receiver has been appointed in the matter of *Securities and Exchange Commission v. Today's Growth Consultant, Inc (dba "The Income Store") and Kenneth D. Courtright, III*, United States District Court for the Northern District of Illinois, Civil Action No. 1:19-CV-08454 (**"Receivership Action"**). The Receiver is hereby requesting a miscellaneous civil case number be assigned based on the filing of this Notice in this district.

This filing is made pursuant to 28 U.S.C. §754, which states in pertinent part:

> Such receiver shall, within ten days after the entry of [her] order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

As of the date of this filing, the Receivership Action remains under seal. Consequently, a copy of the Complaint will be filed with this Court immediately upon the matter being unsealed.

{01792606,v1 }

1

The Order Appointing Receiver is attached hereto as Exhibit "1", which will be replaced with a certified copy upon the matter being unsealed.

<div style="margin-left: 40%;">

Respectfully submitted,

SEMANOFF ORMSBY
GREENBERG & TORCHIA, LLC


By: _____
STEPHEN C. GOLDBLUM, ESQUIRE
Attorney I.D. No. 83927
2617 Huntingdon Pike
Huntingdon Valley, PA 19006
(215) 887-0200
sgoldblum@sogtlaw.com

</div>

Date:   January 9, 2020

# EXHIBIT "1"

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

                               **Plaintiff,**

v.

**TODAYS GROWTH CONSULTANT INC.**
**(dba "The Income Store")**

**and**

**KENNETH D. COURTRIGHT, III,**

                             **Defendants.**

Civil Action No. 1:19 - cv - 08454

## ORDER APPOINTING RECEIVER

**WHEREAS** this matter has come before this Court upon motion of the Plaintiff U.S. Securities and Exchange Commission (the "SEC") to appoint a receiver in the above-captioned action; and,

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving the books and records and all assets of Defendant Todays Growth Consultant Inc. ("TGC"); and,

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendant TGC, and venue properly lies in this District

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of Defendant Todays Growth Consultant Inc. ("TGC" or (the "Receivership Defendant").

2.      Until further Order of this Court, Melanie E. Damian, Damian & Valori LLP, is hereby appointed to serve without bond as receiver (the "Receiver") for the estate of the Receivership Defendant.

## I. Asset Freeze

3.      Except as otherwise specified herein, all assets of the Receivership Defendant (collectively, "Receivership Assets" or "Receivership Property") are frozen until further order of this Court.  Accordingly, all persons, institutions, and entities with direct or indirect control, in whole or part, over any Receivership Assets, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, settling off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing Receivership Assets. This freeze shall include, but not be limited to, Receivership Assets that are on deposit with any financial institutions or other entities, including, but not limited to, banks, brokerage firms and mutual funds.

## II. General Powers and Duties of Receiver

4.      The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers, members, and general and limited partners of the Receivership Defendant under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959, and 1692, Fed. R. Civ. P. 66, and this Order.

5.      The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys-in-fact, and other agents of the Receivership Defendant are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended.  Such persons and entities shall have no authority with respect to the Receivership Defendant's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver.

6.      The Receiver shall assume and control the operation of the Receivership Defendant and shall pursue and preserve all claims or interests of the Receivership Defendant. The Receiver may continue and conduct the business of the Receivership Defendant in such manner, to such extent and for such duration as the Receiver may deem to be necessary or appropriate, if at all.

7.      No person holding or claiming any position of any sort with the Receivership Defendant shall possess any authority to act for or on behalf of any of the Receivership Defendant, unless expressly authorized, in writing, by the Receiver.

8.      Subject to the specific provisions in Sections III through XVII, below, the Receiver shall have the following general powers and duties:

> A.      To use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Defendant, including, but not limited to, monies, funds, securities, credits, investments, savings, options, shares, cash, currencies, checks, accounts, vehicles, boats, equipment, fixtures, effects, goods, chattels, lands, premises, leases, claims, notes, membership interests in any limited liability company, partnership interests, contracts, certificates of title, instruments, inheritances, interests in any trust, art, collectibles, furnishings, jewelry, personal effects, digital currencies, virtual currencies, cryptocurrencies, digital or electronic property, rights, and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind and wherever located, which the Receivership Defendant owns, possesses, has a beneficial interest in, or controls directly or indirectly (the foregoing, together with all assets described in this Order collectively may be referred to as "Receivership Assets" or "Receivership Property" or, collectively, the "Receivership Estate");

B.    To take custody, control, and possession of all Receivership Assets and records relevant thereto from the Receivership Defendant;

C.    To sue for and collect, recover, receive, and take into possession from third parties all Receivership Assets and records relevant thereto;

D.    To manage, control, operate and maintain the Receivership Estate and hold in her possession, custody and control of all Receivership Assets, pending further Order of this Court;

E.    To use Receivership Assets for the benefit of the Receivership Estate, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging her duties as Receiver;

F.    To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, members, managers, trustees, and agents of the Receivership Defendant;

G.    To engage and employ persons in her discretion to assist her in carrying out her duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers;

H.    To take such action as necessary and appropriate for the preservation of Receivership Assets or to prevent the dissipation or concealment of Receivership Assets;

I.     To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

J.     To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver;

K.    To pursue, resist and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Estates;

L.    To take such other action as may be approved by this Court or as may otherwise be authorized by applicable law.

### III. **Access to Information**

9.      Defendant Courtright and the past and/or present officers, directors, agents, managers, members, general and limited partners, trustees, attorneys, accountants and employees of the entity Receivership Defendant, as well as those acting in their place, are hereby ordered and directed to preserve, provide immediate access to, and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendant and/or all Receivership Assets; such information shall include but not be limited to books, records, documents, accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, details of items deposited, and check registers), client lists, customer lists, contracts, Consulting Performance Agreements, title documents, computer records, computer files, databases and other data compilations, papers, and electronically stored information or records of any kind or nature.

10.      The Receivership Defendant and any person or entity receiving notice of this Order shall turn over to the Receiver forthwith all keys, including but not limited to physical, digital, and cryptographic keys, access codes, security device PINs, and passwords necessary to gain or to secure access to any Receivership Assets or documents of or pertaining to the Receivership Defendant, including, but not limited to, access to the Receivership Defendant's business premises at 212 Slalom Court in Minooka, Illinois and 1001 Millersville Road, Lancaster, Pennsylvania, means of communication, accounts, computer systems, mail boxes, lock boxes, storage facilities, virtual currency accounts, virtual wallets, or other property.  If the office at 212 Slalom Court in Minooka, Illinois is isolated from the remainder of the residence with a door and lock, Defendant Courtright shall not retain a key to the office, and the Receiver shall have the sole key and may change the lock as further provided in Paragraph 21.  If the office at 212 Slalom Court in Minooka, Illinois not isolated with a door and lock from the

remainder of the residence, then, the Receiver shall be given a key to the residence but Defendant Courtright may also retain a key to the residence, along with the Receiver.

11.     Within five (5) business days of the entry of this Order, the Receivership Defendant shall file with the Court and serve upon the Receiver and the SEC a sworn statement, listing: (a) the identity, location and estimated value of all Receivership Assets; (b) all employees (and job titles thereof), other personnel, attorneys, accountants, and any other agents or contractors of the Receivership Defendant; and (c) the names, addresses and amounts of claims of all known creditors of the Receivership Defendant. Such sworn statement shall include the names, addresses, telephone numbers, facsimile numbers, and e-mail addresses of the holders of any legal, equitable, or beneficial interests in such assets and the names, addresses, telephone numbers, facsimile numbers, and email addresses of any financial institutions or other persons or entities holding such assets, along with the account numbers and balances. The sworn statements shall be accurate as of the date of this Order, shall be signed and verified as true and complete under penalty of perjury.  Defendant Courtright shall retain responsibility, and the Receiver shall assume no responsibility, for preparing and filing his personal income tax returns, which reflect the earnings of the Receivership Defendant, which is an S-corporation.

12.     Within thirty (30) days of the entry of this Order, the Receivership Defendant shall file with the Court and serve upon the Receiver and the SEC a sworn statement and accounting, with complete documentation covering the period from January 1, 2013, to the present, identifying:

> A.     All Receivership Assets, wherever located, held by or in the name of the Receivership Defendant, or in which the Receivership Defendant directly or indirectly has or had any beneficial interest, or over which the Receivership Defendant maintained or maintains and/or exercised or exercises control, including, but not limited to: (a) all securities, investments, funds, real estate, automobiles, jewelry and other assets, stating the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage or other financial

institution held by, in the name of, or for the benefit of the Receivership Defendant, directly or indirectly, or over which the Receivership Defendant maintained or maintains and/or exercised or exercises any direct or indirect control, or in which the Receivership Defendant had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage or other financial institution;

B.      Every account at every bank, brokerage, or other financial institution: (a) over which the Receivership Defendants has signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by the Receivership Defendant;

C.      All credit, bank, charge, debit, or other deferred payment card issued to or used by the Receivership Defendant, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

D.      All credit, bank, charge, debit, or other deferred payment card issued to or used by Defendant Courtright or other officers, directors, employees of the Receivership Defendant which the Receivership Defendants pays on their behalf, or which Defendant Courtright or other officers, directors, employees of the Receivership Defendant pay but the Receivership Defendant reimburses them, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

E.      All assets received the Receivership Defendant from any person or entity, including the value, location, and disposition of any asset so received;

F.      All funds received by the Receivership Defendants, in any way related, directly or indirectly, to the conduct alleged in the SEC's Complaint, including, but not limited to the amount of all "Upfront Fees" received pursuant to any Consulting Performance Agreement. The submission must clearly identify, among other things, all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

G.      All expenditures by the Receivership Defendant exceeding $1,000, including those made on its behalf by any person or entity; and

H.      All transfers of assets made by the Receivership Defendant to any person or entity, including the value of the asset, and identifying the person or entity to whom the asset was transferred.

13.     Within ten (10) days of the entry of this Order, Defendant Courtright shall provide to the Receiver and the SEC copies of his federal income tax returns for 2013 through the present with all relevant and necessary underlying documentation, including documentation reflecting income passed-through the Receivership Defendant, an S-corporation. Defendant Courtright and the Receivership Defendant shall deliver all state licenses, tax identification numbers, and all other relevant tax information, including the status of the payment of all real estate taxes.

14.     The Receivership Defendant's past and/or present officers, directors, agents, attorneys, managers, members, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendant, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendant. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make her discovery requests in accordance with the Federal Rules of Civil Procedure.

15.     The Receivership Defendant is required to fully cooperate with and assist the Receiver in all respects in fulfilling her duties and obligations. As such, the Receivership Defendant must respond promptly and truthfully to all requests for information and documents from the Receiver.

## IV. Access to Books, Records and Accounts

16.     The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendant. All persons and entities having control, custody or

possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

17.     The Receivership Defendant, as well as its agents, servants, employees, attorneys-in-fact, any persons acting for or on behalf of the Receivership Defendant, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Receivership Defendant are hereby directed to deliver the same to the Receiver, her agents and/or employees.

18.     All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, the Receivership Defendants that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

> A.     Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendant except upon instructions from the Receiver;
>
> B.     Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;
>
> C.     Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the SEC a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,
>
> D.     Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

## V. Access to Real and Personal Property

19.     The Receiver is authorized to take immediate possession of all property of the Receivership Defendant, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any memory, media or electronic storage devices of Defendant Courtright and the Receivership Defendant, books,

papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

20.     The Receiver is authorized to take immediate possession of all real property of the Receivership Defendant, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or (c) destroying, concealing or erasing anything on such premises.

21.     In order to execute the express and implied terms of this Order, the Receiver is authorized to forcibly enter and change door locks to the premises described above, including 212 Slalom Court in Minooka, Illinois and 1001 Millersville Road, Lancaster, Pennsylvania. The Receiver shall have exclusive control of the keys. The Receivership Defendant, and any other person acting or purporting to act on its behalf, including Defendant Courtright, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership. However, with respect to the office at 212 Slalom Court in Minooka, Illinois, if the office is isolated from the remainder of the residence with a door and lock, Defendant Courtright shall not retain a key to the office, and the Receiver shall have the sole key to the office and may change the lock of the office, and the Receiver shall also have a key to the house. If the office at 212 Slalom Court in Minooka, Illinois not isolated with a door and lock from the remainder of the residence, then, the Receiver

shall be given a key to the residence but Defendant Courtright may also retain a key to the residence, along with the Receiver.

22.    The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Defendant, including any mail addressed to Defendant Courtright that appears to the Receiver to be business in nature, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

23.    Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out her duties to take possession, custody and control of, or identify the location of, any assets, records or other materials belonging to the Receivership Estate. In addition, the Receiver is authorized to request similar assistance from any other federal, state, county, or civil law enforcement officer(s) or constable(s) of any jurisdiction.

### VI. Notice to Third Parties

24.    The Receiver shall promptly give notice of her appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Receivership Defendant, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

25.    All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to the Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

26.    In furtherance of her responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that she deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estate.   All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

27.    The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of the Receivership Defendant (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Defendant or to Defendant Courtright where the address also includes the Receivership Defendant's name or the name of The Income Store.  The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. Defendant Courtright and the Receivership Defendant shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver.  All personal mail of Defendant Courtright, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver.  The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mailbox, depository, business or service, or mail courier or delivery service, hired, rented or used by the Receivership Defendant.  Defendant Courtright or the Receivership Defendant shall not open a new mailbox for the Receivership Defendant, or take any steps or make any arrangements to receive the Receivership Defendant's mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

28.     Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Receivership Defendant shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

29.     The Receiver is authorized to assert, prosecute and/or negotiate any claim under any insurance policy held by or issued on behalf of the Receivership Defendant, or their officers, directors, agents, employees or trustees, and to take any and all appropriate steps in connection with such policies.

## VII. Injunction Against Interference with Receiver

30.     The Receivership Defendant and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

      A.    Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Assets; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Assets;

      B.    Hinder, obstruct or otherwise interfere with the Receiver in the performance of her duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

      C.    Dissipate or otherwise diminish the value of any Receivership Assets; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Assets, enforcing judgments, assessments or claims against any Receivership Assets or the Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by the Receivership Defendant or which otherwise affects any Receivership Property;

D.    Transact any of the business of the Receivership Defendant or transfer any Receivership Assets to anyone other than the Receiver;

E.    Destroy, secrete, deface, transfer, or otherwise alter or dispose of any documents of or pertaining to the Receivership Defendant and to the extent any such documents are no longer in existence, fail to disclose the nature and contents of such documents and how, when and by whom such documents were caused to no longer be in existence;

F.    Fail to notify the Receiver of any Receivership Assets, including accounts constituting Receivership Assets held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or fail to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such Receivership Assets;

G.    Refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their powers, duties, or authority under any order of this Court; or,

H.    Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

31.    The Receivership Defendant shall cooperate with and assist the Receiver in the performance of her duties.

32.    The Receiver shall promptly notify the Court and the SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VIII. Stay of Litigation

32.    As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the SEC related to the above-captioned enforcement action, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in her capacity as Receiver; (b) any Receivership Property, wherever located; (c) the Receivership Defendant, including subsidiaries and partnerships; or, (d) any of the Receivership Defendant's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

33.      The parties to any and all Ancillary Proceedings are enjoined from commencing

or continuing any such legal proceeding, or from taking any action, in connection with any such

proceeding, including, but not limited to, the issuance or employment of process.

34.      All Ancillary Proceedings are stayed in their entirety, and all Courts having any

jurisdiction thereof are enjoined from taking or permitting any action until further Order of this

Court. Further, as to a cause of action accrued or accruing in favor of one or more of the

Receivership Defendants and/or the Receivership Estates against any person or entity, any

applicable statute of limitation is tolled during the period in which this injunction against

commencement of legal proceedings is in effect as to that cause of action.

## IX. Managing Assets

35.      For the Receivership Estate, the Receiver shall establish one or more custodial

accounts at a federally insured bank to receive and hold all cash equivalent Receivership

Property (the "Receivership Funds").

36.      The Receiver's deposit account shall be entitled "Receiver's Account, Estate of

Todays Growth Consultant Inc.", together with the name of the action, or a title to that effect.

37.      The Receiver may, without further Order of this Court, transfer, compromise, or

otherwise dispose of any Receivership Assets, other than real estate, in the ordinary course of

business, on terms and in the manner the Receiver deems most beneficial to the Receivership

Estate, and with due regard to the realization of the true and proper value of such Receivership

Assets.

38.      Subject to Paragraph 39, immediately below, the Receiver is authorized to locate,

list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all

necessary and reasonable actions to cause the sale or lease of all real property in the Receivership

Estates, either at public or private sale, on terms and in the manner the Receiver deems most

beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

39.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

40.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

41.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable, whether proposed, temporary or final, or pronouncements thereunder, including the filing of the elections and statements contemplated by those provisions.  The Receiver shall be designated the administrator of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to (a) obtaining a taxpayer identification number, (b) timely filing applicable federal, state, and local tax returns and paying taxes reported thereon, and (c) satisfying any information, reporting or withholding requirements imposed on distributions from the Settlement Fund.  The Receiver shall cause the Settlement Fund to pay taxes in a manner consistent with treatment of the Settlement Fund as a "Qualified Settlement Fund."  The Receivership Defendants shall cooperate with the Receiver in fulfilling the Settlement Funds' obligations under Treas. Reg. § 1.468B-2.

## X.  Investigate and Prosecute Claims

42.     Subject to the requirement, in Section VII above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in her discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

43.     Subject to her obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the Receivership Defendant conducted its financial and business affairs and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to SEC counsel before commencing investigations and/or actions.

44.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by the Receivership Defendant.

45.     The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, her Retained Personnel (as that term is defined below), and the Receivership Estate.

## XI. **Bankruptcy Filing**

46.     The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendant. If a Receivership Defendant is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate the Receivership Estate as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 4 above, the Receiver is vested with management authority the Receivership Defendant and may therefore file and manage a Chapter 11 petition.

47.     The provisions of Section VIII above bar any person or entity, other than the Receiver, from placing the Receivership Defendant in bankruptcy proceedings.

## XII. **Liability of Receiver**

48.     Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with her fiduciary obligations in this matter.

49.     The Receiver and her agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

50.     No action shall be filed or proceeding commenced against the Receiver or the Retained Personnel arising out of or in any way related to this receivership or their duties or

work performed in connection with the receivership without obtaining an order from the Court based upon a showing of good cause. Nothing contained in this Order, nor the grant or exercise of any powers provided herein by the Receiver shall cause said Receiver to be considered a past or present owner, operator or other potentially responsible or liable party pursuant to any provision of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq.; the Hazardous Site Response Act ("HSRA"), O.C.G.A. § 12-8-90, et seq.; or incur liability based on ownership or operation of the Receivership Assets pursuant to any other statutory, regulatory, common law or strict liability theory. Furthermore, to the extent hazardous substances, wastes or constituents are known or discovered to be present upon the Receivership Assets, the Receiver shall not be considered to be in any direct or indirect contractual relationship with any party responsible for such substances, wastes or constituents pursuant to CERCLA and/or HSRA, and shall instead be considered to be acting solely in a "fiduciary capacity" with respect to the Receivership Assets, pursuant to 42 U.S.C. § 107(n) of CERCLA and §12-8-92(7)(C) of HSRA.

51.     This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

52.     In the event the Receiver decides to resign, the Receiver shall first give written notice to the SEC's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

### XIII. Insurance

53.     Given the urgency to appoint a Receiver, the Court recognizes that the Receiver accepts her appointment without time for independent verification that appropriate insurance is in place on the property or that appropriate liability or other insurance is in place to protect the

Receivership Assets and the Receivership Estate. Accordingly, the Court acknowledges that the Receiver has no responsibility or liability until such time as she can confirm that such insurance is in place or acquire the appropriate insurance. The Receiver shall make it a priority to verify or obtain insurance coverage immediately upon this Order Appointing Receiver being entered; however, the SEC, Receiver, Receivership Defendant, and Court acknowledge there may be a gap of time before such insurance may be in place to properly protect the assets of the estate and any employees of the estate, and that the Receiver has no responsibility or liability until such time as she has notified the Court by filing a notice that insurance is in place.

54.    The Receivership Defendant is ordered to immediately provide the Receiver with all available insurance information for both existing and prior insurance policies. This includes all applications, policies, riders, correspondence, endorsements, claims and other information. The Receivership Defendant is ordered: (1) to advise the insurance agent(s) of this Order in writing, (2) designate all authority over the policies to the Receiver, and (3) take no action with regard to terminating or modifying existing insurance policies.

55.    Any insurance broker, agent, carrier, or underwriter is specifically ordered by the Court to cooperate with the Receiver by the timely furnishing the following: (1) copies of all insurance policies including any riders, endorsements and applications with respect to policies related to the Receivership Estate, (2) loss history for five consecutive years or for as long as insurance has been in force if less than five years, (3) premium payment history including current status, and (4) any correspondence with insurance agents, brokers and companies. Policies shall be endorsed by the Receivership Defendant naming the Receiver as Named Insured and Loss Payee effective the date of this Order as appropriate to the type of coverage, and evidence of this policy endorsement shall be promptly supplied to the Receiver.

56.     The Receiver is hereby authorized to engage insurance brokers and consultants as

necessary to properly insure the Receivership Assets. The Receiver is further authorized to

obtain any appropriate insurance related to the Receivership Assets, to the extent that it is not

already in place, without further order from the Court.

### XIIV.  Recommendations and Reports

57.     Within thirty (30) days after the end of each calendar quarter, the Receiver shall

file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status

Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the

report) the existence, value, and location of all Receivership Property, and of the extent of

liabilities, both those claimed to exist by others and those the Receiver believes to be legal

obligations of the Receivership Estates.

58.     The Quarterly Status Report shall contain the following:

A.     A summary of the operations of the Receiver;

B.     The amount of cash on hand, the amount and nature of accrued
administrative expenses, and the amount of unencumbered funds in the
estate;

C.     A schedule of all the Receiver's receipts and disbursements (attached as
Exhibit A to the Quarterly Status Report), with one column for the
quarterly period covered and a second column for the entire duration of
the receivership;

D.     A description of all known Receivership Property, including approximate
or actual valuations, anticipated or proposed dispositions, and reasons for
retaining assets where no disposition is intended;

E.     A description of liquidated and unliquidated claims held by the
Receivership Estate, including the need for forensic and/or investigatory
resources; approximate valuations of claims; and anticipated or proposed
methods of enforcing such claims (including likelihood of success in: (i)
reducing the claims to judgment; and, (ii) collecting such judgments);

F.     A list of all known creditors with their addresses and the amounts of their
claims;

G.    The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.    The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

59.    On the request of the SEC, the Receiver shall provide the SEC with any documentation that the SEC deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the SEC's mission.

## XV.  Fees, Expenses and Accountings

60.    Subject to Paragraphs 60 – 69 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership.  Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

61.    Subject to Paragraph 62 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist her in carrying out the duties and responsibilities described in this Order.  The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

62.    The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior approval of the Court.

63.    Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications").  At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC

a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

64.     All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

65.     Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court.  The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

66.     Each Quarterly Fee Application shall:

    A.     Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

    B.     Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

67.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by the SEC staff, as well as the Receiver's final application for compensation and expense reimbursement.

**IT IS SO ORDERED.**

Date:  _12-30-19_

_Charles R. Norgle_

CHARLES R. NORGLE

**UNITED STATES DISTRICT JUDGE**